## AARON BROOKS Junior *versus* ISRAEL DAVIS Junior.

An officer directed to detail members of a court-martial, under *St.* 1809, *c.* 108, § 31, must detail them from the roster according to seniority, except in the case of the inability, sickness or absence of the officer whose turn it would be to serve on the court-martial ; he has no discretionary power to pass over a senior officer, because he does not consider him a proper person to sit on the court.

Whether it be competent to a party who is to be tried by a court-martial, to waive the objection that a member of the court has not been legally detailed, *quære.*

ACTION of debt, by a judge advocate, to recover a penalty imposed upon the defendant as a militia officer, by a division court-martial.

At the trial before *Wilde* J., the defendant objected that Capt. Marshall, of the fourth regiment, &c. who sat as a mem oer of the court-martial, had not been properly detailed Co . Phillips, the officer by whom Marshall was detailed, testified that he did not detail the senior captain in the fourth regiment, because he did not consider him a proper person to sit on the court ; that he never made any certificate to any one, of the reasons why he did not detail the senior captain, but that the above was the only reason. The senior captain had not served upon any previous court-martial.

*Oct. 2d*

*Brooks, pro se* contended that the officer detailing had a

discretionary power, and was not obliged to detail according to seniority. *St.* 1809, *c.* 108, § 31 ; *St.* 1822, *c.* 102, § 5. But if the law is otherwise, irregularity in the detailing is a cause of challenge, and the objection should have been taken at the trial before the court-martial. *Amherst* v. *Hadley*, 1 Pick. 38, 43, note ; *Jeffries* v. *Randall*, 14 Mass. R. 205 ; *Commonwealth* v. *Parker*, 2 Pick. 563.

*Washburn*, for the defendant, cited Maltby on Courts Martial, 31.

*Per Curiam.* The court-martial being a court of limited jurisdiction, it is necessary for the plaintiff to show that it was legally constituted, and had jurisdiction of the alleged offence. *Brooks* v. *Adams*, 11 Pick. 441 ; *Mills* v. *Martin*, 19 Johns. R. 7. The *St.* 1809, *c.* 108, § 31, enacts that the members of a court-martial "shall be *regularly detailed from the roster*" of the regiment, &c., "provided however, that in case of inability, sickness, or absence of any officer, *whose turn* it would be to serve on a court-martial, the detailing officer shall certify such circumstance to the officer who ordered the court-martial, and detail the *next in rotation*." The meaning of this is obvious. The senior officer is to be detailed, except in case of his inability, sickness, or absence. The only reason given by the detailing officer, in the present case, is that the senior captain was not, in his opinion, a suitable person to serve on the court-martial ; but it is not for him to judge of that fact, and the officer to be tried is entitled to have the members of the court regularly detailed.

It is said that it is too late for the defendant to object, that Capt. Marshall was not by law the proper officer to serve as a member of the court. Whether this objection could be waived, admits of question ; but there was no waiver, for the plaintiff, at the time of his trial, was not aware of the objection. And there hardly seems to be any mode which he was bound to pursue to ascertain the facts. If it was his duty to look at the roster, still he might not be able to discover whose turn it would be to serve on a court-martial. This disqualification cannot well be considered as a regular cause of challenge to the member, but probably it would have been competent to the defendant to have taken the exception before the

*Brooks v. Davis.*

*Oct 3d*

Brooks
v.
Davis.

court-martial. It would resemble rather a challenge to the array. But be this as it may, there was nothing in the proceedings of the defendant amounting to a waiver.

*Plaintiff nonsuit.*